IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DUVALL : | |
| : | CIVIL ACTION |
| v. : | No. 24-1920 |
| : | |
| RYDER TRUCK RENTAL, INC., and : | |
| JOHN DOE : | |

**McHUGH, J.**                                                                                           **August 9, 2024**

**MEMORANDUM**

This is a personal injury case brought by a Pennsylvania resident and delivery driver alleging that he suffered injuries when a lift gate on a commercial truck leased from Ryder Truck Rental, Inc. collapsed. Ryder moves to dismiss for lack of jurisdiction principally on the ground that the accident occurred in Maryland. Given the nature of the negligence alleged, a defect in a truck leased by Ryder to Plaintiff's employer in Pennsylvania, a truck which Plaintiff alleges Ryder continued to service, specific jurisdiction exists. The motion to dismiss will therefore be denied.

**I.        Relevant Background**

The incident leading to this lawsuit occurred on August 10, 2021, in Upper Marlboro, Maryland. According to Plaintiff James Duvall, he was working on a commercial truck leased from Ryder when the truck's lift gate collapsed and injured him. Am. Compl. ¶ 32, ECF 1-3. Duvall alleges that this incident was caused by Defendant's negligence in failing to properly inspect, maintain, and warn about the defective lift gate. *Id.* at ¶¶ 20- 25, 33-48, 55-58. As noted

above, Defendant moves to dismiss arguing this Court lacks personal jurisdiction and is an improper venue.[1]  ECF 4.

## II.  Standard of Review

After a defendant has raised a challenge to personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the burden shifts to the plaintiff to establish the court's jurisdiction over that defendant.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  The plaintiff must establish a *prima facie* case of personal jurisdiction.  *Id.*  To meet this standard, the plaintiff must demonstrate "with reasonable particularity sufficient contacts between the defendant and the forum state."  *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  The Court is "required to accept the plaintiff's allegations as true, and . . . construe disputed facts in favor of the plaintiff."  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).

## III.  Discussion

### A.  *Specific Jurisdiction*

To establish specific jurisdiction, a defendant must have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  ECF 4 at 2, 9-12.  This Circuit has distilled *International Shoe*'s standard, as later refined by other Supreme Court decisions, into a three-part test: (1) a defendant must have purposefully directed its activities at the forum, (2) the litigation arises out of or relates to at least one of those activities, and (3) once the prior two

---

[1] Given my conclusion as to specific jurisdiction, there is no need to address the broad array of other arguments raised by the defense, including its attack on Pennsylvania's registration statute under the Dormant Commerce Clause.

requirements are met, a court concludes that jurisdiction otherwise comports with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d at 317 (3d Cir. 2007) (citations omitted).

Defendant argues that this Court lacks specific jurisdiction because the alleged accident took place in Maryland, not Pennsylvania, and there is otherwise no affiliation between the forum and the controversy.  I disagree.

First, as to purposeful availment, "what is necessary is a deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317 (citation omitted).  Although Defendant failed to address this argument, Plaintiff has credibly alleged that it purposefully directed its activities at Pennsylvania by regularly conducting business, maintaining offices, and deriving substantial revenue from leasing trucks to customers in Pennsylvania.  Am. Compl. ¶¶ 10, 28.

Second, although the incident at issue occurred in Maryland, Plaintiff's claims directly relate to and arose out of Ryder's truck leasing activities purposefully directed at Pennsylvania. Am. Compl. ¶¶ 17, 28-29.  The Amended Complaint is far from a model of clarity, but viewing its allegations in their entirety, Plaintiff pleads that his employer leased the truck from Ryder in Pennsylvania, and that Ryder had ongoing responsibilities for maintenance of the truck.  *See id.*; *see also id.* ¶¶ 20- 25, 33-48, 55-58.  Maryland is simply the backdrop for the accident.  The negligence alleged is centered in Pennsylvania and arises out of a business relationship here between Ryder and Plaintiff's employer.

Finally, I find that exercising specific jurisdiction over Ryder comports with fair play and substantial justice.  Relevant considerations include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of

controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-77 (1985) (cleaned up). Pennsylvania's interest in compensation for one of its citizens, and for that matter his employer, which is responsible for workers' compensation benefits, is self-evident. In contrast, Maryland would have no interest in this dispute. Mr. Duvall similarly has an interest in being compensated without having to litigate in another state. Ryder purposefully availed itself of the Pennsylvania market and could reasonably anticipate being haled into court based on claims arising from trucks it leased to Pennsylvania businesses and residents as part of its routine business activities in the Commonwealth. Am. Compl. ¶¶ 10, 28. And I see no conceivable disruption of the interstate judicial system or interstate commerce given Ryder's nationwide reach.

I therefore hold that Plaintiff has established specific jurisdiction.

**B.** *Venue*

In the case of a venue challenge, the burden of persuasion rests with the defense. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir.1982). Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[2] The requirement of substantiality in section 1391 is "intended to preserve the element of fairness so that a Defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994). Based upon the same considerations discussed above, I also find that venue is proper.

---

[2] In the absence of such a district, a civil action may also be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

**IV.     Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss will be denied. An appropriate order follows.

     /s/ Gerald Austin McHugh
United States District Judge